THEODORE AND CATHERINE M. MOOTOS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mootos v. Commissioner
Docket No. 10974-88
United States Tax Court
T.C. Memo 1989-372; 1989 Tax Ct. Memo LEXIS 371; 57 T.C.M. (CCH) 1074; T.C.M. (RIA) 89372; July 25, 1989
Theodore Mootos, pro se. Paul V. Colleran, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code and Rule 180 et seq. *372 [1]
Respondent determined the following deficiencies and additions to tax: Additions to Tax
Year
Deficiency
§ 6653(a)(1)
§ 6653(a)(2)
1983
$  586
$  29 * 1984
1,174
59 **
1985
2,121
106 ***
Some of the facts have been stipulated and are so found. Petitioners filed joint Federal income tax returns for the years in issue. Petitioners resided in Stoughton, Massachusetts at the time the petition herein was filed. Theodore Mootos (hereinafter referred to as petitioner) is a self-employed shoe repairman. He has been actively engaged in this activity since 1960. Petitioners have four children, James, William, Maryann and Catherine, ranging in *373 age from approximately twenty to twenty-four years at the date of this trial. Petitioner maintained no books or records for the years in issue. He did not maintain a cash register tape of his daily receipts during this period. Nor did he deposit his daily receipts in his savings account. On their joint Federal income tax returns for 1983, 1984 and 1985, petitioners reported total income of $ 4,600, $ 4,800 and $ 4,500, respectively. Using the source and application of funds method of reconstructing income, respondent determined that petitioners understated their taxable income in the amounts of $ 5,477, $ 6,985 and $ 10,372 in 1983, 1984 and 1985, respectively. A taxpayer must keep such books of account and records as are sufficient to establish the amount of gross income, deductions and other matters required to be shown in his tax returns. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Absent such records, respondent may determine the existence and amount of unreported income by any method which, in his opinion, clearly reflects the taxpayer's income. Sec. 446(b). The use of the source and application of funds method is an acceptable method of determining income. Cohen v. Commissioner, 9 T.C. 1156, 1162-1163 (1947), *374 affd. 176 F.2d 394 (10th Cir. 1949). Said method is based upon the assumption that the amount by which the taxpayer's application of funds exceeds his known sources of income is taxable income absent some showing by the taxpayer of a nontaxable source. Petitioner does not seriously question the method employed by respondent. However, he argues that his excess expenditures are attributable to nontaxable sources. Petitioner has the burden of proof. Rule 142(a). Petitioner claims two sources of nontaxable income that would account for his excess expenditures in 1983, 1984 and 1985. He contends that his four children contributed all of their earnings to petitioner in 1983, 1984 and 1985. He also argues that he inherited $ 3,700 in 1981 and that some portion of this inheritance was still available in 1983 and 1984. With respect to the amounts contributed by the four children, we note that respondent has allowed contributions from the children as a nontaxable source of income in the amount of $ 3,000 for each of the years involved. Petitioner's contention that the children gave all of their earnings to him during this entire period is singularly unpersuasive. Petitioner's *375 oldest son was in college in 1984 and, in 1985, both of his sons were attending college. Yet it does not appear that petitioner paid any of the requisite tuitions or, for that matter, any of the necessary expenses normally incurred in attending college. We find it more than likely that the four children, especially the two oldest children of college age, retained some portion of their own income for personal expenses and that both sons used a portion of their income for college expenses, including tuition. It also appears that the income earned by petitioner's daughters, both under 16 years of age in 1983, was derived largely from purported babysitting jobs and other occasional work and was nominal in amount. Under the circumstances, we give little credence to petitioner's unrealistic contention that the understatements of income determined by respondent in 1983, 1984 and 1985 can be largely explained by the sums contributed by the four children. On this record we are unable to find that the children contributed their earnings to petitioner during the period at issue in excess of the amounts allowed by respondent. Nor do we find persuasive petitioner's contention that he inherited *376 about $ 3,700 in 1981 and that some small portions of this inheritance was still available as a nontaxable source of funds in 1983 and 1984. Petitioner's explanation of the convoluted manner in which he kept track of this purported inheritance through the purchase of a series of bank checks in ever-decreasing amounts lacks credibility. He testified that he wanted to keep the 1981 inheritance readily available for current expenditures. However, he could not explain why such purpose could not be easily achieved by keeping the small inheritance in his interest-bearing savings account. Moreover, in view of petitioner's evident reluctance to place any of his business income in his savings account, it is conceivable that the source of the funds for the series of bank checks was other than a purported inheritance. On this record, therefore, we sustain respondent's determination for the taxable years involved. Section 6653(a)(1) imposes an addition to tax if any part of an underpayment of tax is due to negligence or disregard of rules and regulations. Section 6653(a)(2) imposes an addition to tax in the amount of 50 percent of the interest due on the portion of an underpayment attributable *377 to negligence. Petitioners have the burden of proof. Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioners offered no persuasive evidence with respect to the additions to tax. Respondent's determination must therefore be sustained. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment of $ 586 attributable to negligence. ** 50 percent of the interest due on the underpayment of $ 1,174 attributable to negligence. *** 50 percent of the interest due on the underpayment of $ 2,121 attributable to negligence.↩